FILED

2015 Jan-05  PM 12:40
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## EASTERN DIVISION

| | | |
|---|---|---|
| LAVONDA A. MOORE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case Number: 1:14-cv-00055-JHE |
| | ) | |
| ELWOOD STAFFING SERVICES, INC., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## MEMORANDUM OPINION[1]

Plaintiff Lavonda A. Moore ("Moore"), and Defendant Elwood Staffing Services, Inc. ("Elwood") jointly move for approval of their settlement agreement.   (Doc. 16).   The parties seek approval of the terms of their settlement agreement on Moore's claims for unpaid overtime pay as well as approval of separately negotiated attorneys' fees and costs to be paid to Moore's counsel under the settlement.   (*Id.*).   For the reasons set forth below, the Court approves the parties' settlement.

### I. Background Facts

Moore filed this action on January 10, 2014.   (Doc. 1).   She alleges claims for overtime under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et. seq.*   On February 5, 2014, Elwood answered the complaint, denying any noncompliance with the FLSA and asserting various affirmative defenses.   (Doc. 6).   After exchange of discovery and negotiations, the parties reached a settlement, the terms of which are contained in the confidential Settlement

---

[1] In accordance with the provisions of 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73, the parties have voluntarily consented to have a United States Magistrate Judge conduct any and all proceedings, including trial and the entry of final judgment.   (Doc. 12).

Agreement and General Release (the "Agreement").   The undersigned has reviewed the Agreement.

Under the Agreement, Elwood has agreed to pay Moore a specified amount to settle her claims for unpaid overtime.   Elwood has also separately agreed to pay an agreed-upon amount of attorneys' fees and costs to Moore's counsel.   The parties have provided their settlement agreement, (doc. 17, sealed), which the undersigned has reviewed.   The parties stipulate and agree the terms set forth in the Agreement constitute a fair and reasonable resolution of a *bona fide* dispute regarding whether Moore is entitled to any further compensation.

## II. Analysis

Subject to specific exceptions, the FLSA provides that employees are entitled to receive overtime pay at one and one-half times their regular rate for all hours worked in excess of forty per week.   *See* 29 U.S.C. § 207(a)(1).   An employer who violates the FLSA is liable to its employee for both unpaid overtime compensation and for an equal amount in liquidated damages.   29 U.S.C. § 216(b).   In an action to recover unpaid overtime compensation, a court is further required to award a prevailing plaintiff a reasonable attorneys' fee and costs of the action.   *Silva v. Miller*, 307 Fed. App'x. 349, 351 (11th Cir. 2009).

Judicial review and approval of an FLSA settlement is necessary to give it final and binding effect.   *Lynn's Food Stores, Inc. v. U.S. Dept. of Labor*, 679 F.2d 1350 (11th Cir. 1982).   Before approving a FLSA settlement, a court must scrutinize it to determine if it is "a fair and reasonable resolution of a bona fide dispute."   *Id.* at 1354-55.   If the settlement reflects a reasonable compromise over issues that are actually in dispute, the Court may approve the settlement "to promote the policy of encouraging settlement of litigation."   *Id.* at 1354.   In

2

determining whether the settlement is fair and reasonable, the court should consider the following factors:

> 1. the existence of fraud or collusions behind the settlement;
> 2. the complexity, expense, and likely duration of litigation;
> 3. the stage of the proceeding and the amount of discovery completed;
> 4. the probability of success on the merits;
> 5. the range of possible recovery; and
> 6. the opinions of counsel.

*See Leverso v. South Trust Bank of Ala. Nat. Assoc.*, 18 F.3d 1527, 1531 n.6 (11th Cir. 1994).   In reviewing the terms of a proposed settlement, there is a strong presumption in favor of finding it is fair.   *Cotton v. Hinton*, 559 F.2d 1326, 1331 (5th Cir. 1977).[2]

Here, there is no indication of fraud or collusion.   All parties were represented by counsel, and Moore expresses her belief the amount to be paid under the settlement is a substantial portion of or more than she could recover at trial, (doc. 16 at ¶ 6).   The payments take into account the likelihood of success and the amount Moore might recover if she prevailed on her claim.   Despite their disagreement over the inferences from the facts, the parties are in agreement that continued litigation would not produce more economically beneficial results than this settlement.   (*Id.* at ¶ 4).   The confidential payments to Moore to settle her claims for unpaid overtime compensation and liquidated damages are fair, reasonable, and adequate.

The complexity, expense, and expected duration of continued litigation also militate in favor of this settlement.   The parties continue to disagree over the merits of Moore's claim and the amount of overtime compensation owed to her.   Even in settlement, Elwood does not admit its liability on Moore's claim, (*id.* at ¶ 3.d.), and both parties acknowledge the settlement is to

---

[2] The decisions of the United States Court of Appeals for the Fifth Circuit, as that court existed on September 30, 1981, handed down prior to the close of business that day, are binding precedent in the Eleventh Circuit.   *Bonner v. City of Prichard, Ala.*, 661 F.2d 1206, 1207 (11th Cir. 1981).

avoid the expense of contested legal proceedings, (*id.* at ¶ 5).   The parties agree the outcome is uncertain and if this matter were to be litigated to an award by jury, all parties would be required to engage in costly litigation.   (*Id.*).   Accordingly, this settlement is a reasonable means for all parties to minimize future risks and litigation costs.

Based on counsel's representations, there has been sufficient investigation and exchange of information and documents to enable counsel to reasonably and adequately assess the claims and defenses at issue.   (*Id.* at ¶ 2).   Specifically, Moore has had the opportunity to review and analyze Elwood's payroll data.   (*Id.* at ¶ 4).   Before agreeing to the proposed settlement, the parties had sufficient information to enable them to make an informed analysis and assessment of the case.

The range of possible recovery also shows settlement is reasonable and adequate.   In light of the costs of further litigation and the uncertainty and timing of any recovery, the proposed settlement is a fair and reasonable resolution of a bona fide dispute.

Additionally, the undersigned has reviewed the proposed, separately negotiated payment of attorneys' fees and costs and agrees it should be approved because it is reasonable.   *See Silva*, 307 F. App'x at 351 ("FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement.").   The agreement regarding payment of Moore's counsel's fees and costs was reached separately and without regard to the amount paid to Moore.   Moore's attorneys are compensated adequately for the time and expense of drafting and filing pleadings, reviewing discovery, and conducting settlement negotiations, and Moore's claims were not compromised by any deduction of attorney's fees, costs, or expenses.

4

## III. Conclusion

The Settlement Agreement and General Release is fair and reasonable under the circumstances.    Accordingly, the settlement is due to be **APPROVED** and this matter **DISMISSED WITH PREJUDICE**.    A separate order will be entered.

DONE this 5th day of January 2015.

_____
**JOHN H. ENGLAND, III**
UNITED STATES MAGISTRATE JUDGE